G. Y. HERLONG, *et al., Appellants,* v. J. C. SHEFFIELD, *Appellee.*

## ON REHEARING.

Opinion Filed November 17, 1914.

Where the decree to enforce a mortgage lien states that "the court having computed the amount due the complainant upon

the note and mortgage mentioned in said bill," and rendered a decree for the amount found to be "due from the defendants to the complainant," it will be assumed that the chancellor had the original note before him in making the computation, there being nothing in the transcript indicating the contrary.

Rehearing denied.

*A. B. & C. C. Small,* for Appellants;

*Palmer & Palmer,* for Appellee.

PER CURIAM—The decrees appealed from herein were affirmed without opinion.

In a petition for rehearing it is suggested that the court overlooked the assignment of error that the Chancellor entered the final decree to enforce the mortgage lien "without having before him the original note described in the bill and which the mortgage sought to be foreclosed had been given to secure." The court did not overlook the point. In the decree it is stated that "the court having computed the amount due the complainant upon the note and mortgage mentioned in said bill, which is taken as confessed by the defendants, and the court having found that there is due from the defendants to the complainant" etc. The appellants do not bring here the evidence that was before the Chancellor, but direct the clerk to copy into the transcript certain designated papers and documents not including the evidence, and directs the Clerk to "omit all other papers not above enumerated, unless required by the appellee." It was not encumbent upon the appellee, but upon the appellants, to make the record show error, if any, in the trial of the cause. In view of the language of the decree it cannot be assumed that the

Chancellor did not have, but it must be assumed that he did have, the original note before him, or that its absence was properly accounted for.

A rehearing is denied.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.